Ibrahima Sory KOUROUMA, Petitioner,

v.

Eric HOLDER, Jr.*, Attorney General, Respondent.

No. 08–2554–ag.

United States Court of Appeals, Second Circuit.

March 5, 2009.

* Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Eric Holder,

Brian I. Kaplan, Goldberg & Kaplan, LLP, New York, NY, for Petitioner.

Gregory G. Katsas, Assistant Attorney General; Emily Anne Radford, Assistant Director; Jesse Lloyd Busen, Trial Attorney, Office of Immigration Litigation, Civil Division, U.S. Department of Justice, Washington, D.C., for Respondent.

PRESENT: Hon. WALKER, Hon. GUIDO CALABRESI and Hon. PETER W. HALL, Circuit Judges.·

## SUMMARY ORDER

Ibrahima Sory Kourouma, a native and citizen of Guinea, seeks review of an April 25, 2008, order of the BIA affirming the June 2, 2006, decision of Immigration Judge ("IJ") George T. Chew, denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Ibrahima Sory Kourouma,* No. A99 079 588 (B.I.A. Apr. 25, 2008), *aff'g* No. A99 079 588 (Immig. Ct. N.Y. City Jun. 2, 2006). We assume the parties' familiarity with the underlying facts and procedural history of this case.

When the BIA affirms the IJ's decision in all respects but one, we· review the IJ's decision as modified by the BIA decision, i.e., "minus the single argument for denying relief that was rejected by the BIA." *Xue Hong Yang v. U.S. Dep't of Justice,* 426 F.3d 520, 522 (2d Cir.2005). Here, where the IJ made two implausibility findings to support his adverse credibility determination, and the BIA explicitly rejected one of those findings, we review only the finding that was affirmed by the BIA. *Id.*

Jr., is substituted automatically for former Attorney General Michael B. Mukasey as the respondent in this case.

Normally, we review the agency's factual findings, including adverse credibility findings, under the substantial evidence standard. *See* 8 U.S.C. § 1252(b)(4)(B); *see also Corovic v. Mukasey,* 519 F.3d 90, 95 (2d Cir.2008). Here, however, because Kourouma failed to challenge the implausibility finding on which the agency rested its adverse credibility determination before the BIA, we decline to review any such argument as unexhausted. We generally require that petitioners raise to the BIA the specific issues they later raise in their petition for review, *see Foster v. INS,* 376 F.3d 75, 78 (2d Cir.2004), and we have described this requirement as "mandatory," *Lin Zhong v. U.S. Dep't of Justice,* 480 F.3d 104, 119–20 (2d Cir.2007). Accordingly, we decline to consider Kourouma's challenge to the agency's adverse credibility determination, and find the agency's denial of his asylum application proper. Further, because Kourouma bases his withholding of removal and CAT claims on the same factual predicate as his asylum claim, those claims necessarily fail. *See Paul v. Gonzales,* 444 F.3d 148, 156 (2d Cir.2006); *Wu Biao Chen v. INS,* 344 F.3d 272, 275 (2d Cir.2003).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).